**EXHIBIT A**

| | |
|---|---|
| DISTRICT COURT OF ARAPAHOE COUNTY, STATE OF COLORADO<br>7325 S Potomac St #100, Centennial, CO 80112<br>(303) 649-6355<br>Plaintiff:<br><br>**TYLONDA MORRIS**<br><br>v.<br><br>Defendant:<br><br>**ADVENIR@DEL ARTE, LLC d/b/a ADVENIR AT DEL ARTE APARTMENTS** | DATE FILED: January 31, 2022 12:15 PM<br>FILING ID: 87AA6DD488A6D<br>CASE NUMBER: 2022CV30176<br><br><br>▲ Court Use Only ▲ |
| *Attorneys for Plaintiff:*<br>Robert E. Caldwell, Jr., # 47385<br>WILHITE, ROSE, MCCLURE & SAWAYA, P.C.<br>1600 Ogden Street<br>Denver, CO 80218<br>Phone Number: (303) 839-1650<br>Fax Number: (303) 832-7102<br>E-mail: rcaldwell@sawayalaw.com | Case Number:<br><br>Division: |
| **CIVIL COMPLAINT AND JURY DEMAND** | |

COMES NOW the Plaintiff, Tylonda Morris, by and through her attorneys, Wilhite, Rose, McClure & Sawaya, P.C., and for this Civil Complaint and Jury Demand against Defendant Advenir@Del Arte, LLC d/b/a Advenir at Del Arte Apartments ("Defendant Advenir" hereinafter), alleges and avers as follows:

### JURISDICTION AND VENUE

1. At all times relevant to this action, Plaintiff Tylonda Morris (hereinafter "Plaintiff") was a resident of the State of Colorado.

2. At all times relevant to this action, Defendant was and remains a foreign for-profit limited-liability corporation registered to do business in the State of Colorado.

3. The incident referred to in these allegations, namely, Plaintiff's slip and fall, occurred in Arapahoe County, State of Colorado.

4. This Court has both personal and subject matter jurisdiction.

5. Venue is proper in Arapahoe County, pursuant to C.R.C.P. 98(c).

## FACTUAL ALLEGATIONS

6. Plaintiff incorporates herein by this reference the allegations set forth above.

7. At all times relevant to this Complaint, Defendant managed and/or controlled and/or maintained the property, including all common areas, sidewalks, entrance ways and parking lots, located at 121 S. Joliet Circle, Aurora, Colorado 80012 (the "Property").

8. At all relevant times to this action, Plaintiff was an invitee as defined by C.R.S. § 13-21-115(5)(a).

9. At all relevant times to this action, the Defendant was responsible for making sure the walkways, sidewalks, and common areas on the Property were managed and maintained in a reasonably safe condition, and Defendant was responsible for ensuring that invitees at the apartment building were safe.

10. On or about February 13, 2020, Plaintiff was attempting to take her dog for a walk.

11. Plaintiff had just left her apartment and was walking across the corridor from her apartment when she slipped and fell to the ground ("incident").

12. The following photo is a fair and accurate description of the event after it occurred with Plaintiff still on the ground awaiting emergency help:



13. Ms. Morris began yelling for help when a person named "Sebastian" came out to help, and he called 911.

14. The entire walkway was covered with ice.

15. Sebastian and the ambulance crew were having difficulty walking because of the ice.

2

16. Defendant was on notice of an improperly maintained drainage system causing conditions like the one leading to Plaintiff's slip and fall through not just its own maintenance team, but also various internet posts.

17. The downspout that led to the buildup of water that froze over and caused Plaintiff's slip and fall could have simply been relocated from where it was draining.

18. The buildup of ice on the ground outside Plaintiff's apartment was a dangerous condition.

19. Defendant did not take adequate precautions to protect citizens like Plaintiff from the dangerous conditions on the walkways.

20. Plaintiff fell at or near an area where invitees were known and intended to walk. This was an area used for common entrance and exit.

21. Plaintiff suffered physical injuries as a result of the fall, including a fractured right tibia and right fibula.

22. Below is a fair and accurate portrayal of Plaintiff's leg as a result of her fall:



23. Plaintiff was transported by ambulance from the Property to the emergency department where she underwent emergency surgery.

**FIRST CLAIM FOR RELIEF**
**Statutory Premises Liability Pursuant to C.R.S. § 13-21-115**

24. Plaintiff incorporates the above allegations by reference.

25. Defendant owned the Property at all relevant times.

26. Defendant was in charge of snow and ice removal, that is, maintaining, upkeeping, and overseeing conditions on the Property with respect to snow and ice at all relevant times.

27. Defendant was in charge of maintenance and repair of the water drainage systems at all relevant times.

28. At the time of the incident, Defendant was a landowner as defined under C.R.S. § 13-21-115.

29. At the time of the incident, Defendant owed a duty to use reasonable care to maintain the premises, including the walkways, in a reasonably safe manner, and to use reasonable care to protect Plaintiff against dangers of which Defendant knew or should have known.

30. Defendant knew or should have known that the snowy, icy walkway where Plaintiff fell was not a safe condition at the time of the incident.

31. Defendant knew or should have known that the water drainage system leading to the ice buildup where Plaintiff fell was not in a proper functioning condition such that it would lead to ice buildup.

32. Defendant knew, or should have known, that a dangerous condition existed on the Property where Plaintiff fell at the time of the incident.

33. Defendant knew, or should have known, that not salting or sanding an icy walkway or blocking it off and/or putting up warning signs in a common area intended to be used by invitees for ingress and egress created a dangerous situation.

34. Defendant knew, or should have known, that invitees, particularly invitees like Plaintiff, would frequent the Property and should have taken adequate precautionary measures on their behalf.

35. It was foreseeable to Defendant that invitees, such as Plaintiff, would be injured by the icy conditions where the incident occurred.

36. At all times material to this Complaint, Defendant was responsible for the condition of the Property, for the activities conducted or circumstances existing on the Property, for hiring, training, and supervising employees and contractors, and through their agents and/or employees, unreasonably failed to exercise reasonable care to protect the Plaintiff and others similarly situated.

37. Defendants failed to comply with its duties to the Plaintiff in the following respects including, but not limited to:

    (a) Failure to block off the walkway;
    (b) Failure to sand or salt the walkway such the icy condition was abated;
    (c) Failure to remove the ice from the walkway with equipment;
    (d) Failure to warn of possible danger;
    (e) Failure to exercise reasonable care to prevent dangerous conditions in the public access areas where invitees would be expected to be; and
    (f) Failure to have in place procedures to protect the public from dangers and hazards of the walkway.

38. As a direct and proximate result of Defendant's failures to exercise reasonable care Plaintiff suffered traumatic physical and/or emotional injuries and/or disabilities and/or economic losses

4

and injuries which injuries, damages and losses are permanent in nature and which losses Plaintiff has suffered in the past and will suffer in the future.

39. As a direct and proximate result of Defendant's failures to exercise reasonable care to protect Plaintiff from the dangerous condition described above, Plaintiff suffered past and future economic expenses, losses, and damages including, but not limited to, past and future medical expenses and life care expenses.

40. As a direct and proximate result of Defendant's failures to exercise reasonable care to protect Plaintiff from the dangerous condition described above, Plaintiff suffered past and future non-economic damages including, but not limited to, pain and suffering, inconvenience, emotional distress, and impairments of quality of life.

41. As a direct and proximate result of Defendant's failures to exercise reasonable care to protect Plaintiff from the dangerous condition described above, Plaintiff suffered temporary and permanent physical impairment and disfigurement.

## SECOND CLAIM FOR RELIEF
### Negligence for Failing to Properly Maintain the Premises in the Alternative to Premises Liability for Defendant if Landowner Status Is Not Admitted

42. Plaintiff incorporates the above allegations by reference.

43. Defendant owed Plaintiff a duty to exercise reasonable care in the general maintenance, salting, and/or sanding and/or plowing of the walkway on the Property where the incident occurred.

44. Defendant owed Plaintiff a duty to exercise reasonable care in the general maintenance of the water drainage systems near walkways and commons areas on the Property where the incident occurred so that ice buildups would not occur.

45. Defendant owed Plaintiff a duty to exercise reasonable care by providing reasonable notice and warning of the dangerous conditions created on the premises.

46. Defendant breached its duty to Plaintiff to exercise reasonable care by failing to maintain the Property to avoid and/or remove dangerous conditions and by failing to notify and warn invitees of the dangerous conditions.

47. As a direct and proximate result of Defendant's failures to exercise reasonable care, Plaintiff suffered traumatic physical and/or emotional injuries and/or disabilities and/or economic losses and injuries which injuries, damages and losses are permanent in nature and which losses Plaintiff has suffered in the past and will suffer in the future.

48. As a direct and proximate result of Defendant's failures to exercise reasonable care to protect Plaintiff from the dangerous condition described above, Plaintiff suffered past and future economic expenses, losses, and damages including, but not limited to, past and future medical expenses and life care expenses.

49. As a direct and proximate result of Defendant's failures to exercise reasonable care to protect Plaintiff from the dangerous condition described above, Plaintiff suffered past and future non-economic damages including, but not limited to, pain and suffering, inconvenience, emotional distress, and impairments of quality of life.

50. As a direct and proximate result of Defendant's failures to exercise reasonable care to protect Plaintiff from the dangerous condition described above, Plaintiff suffered temporary and permanent physical impairment and disfigurement.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff requests that judgment be entered in favor of Plaintiff and against Defendant in an amount to fairly compensate her for the injuries set forth above, court costs, attorneys' fees, expert witness fees, statutory pre-judgment and post-judgment interest from the date this cause of action accrued or as otherwise permitted under Colorado law, and for such other and further relief as this Court deems just and proper. Plaintiff prays for specific relief including, but not necessarily limited, to:

(a)     For an amount that will reasonably compensate Plaintiff for past, present, and future medical expenses.

(b)     For an amount that will reasonably compensate Plaintiff for past, present, and future economic loss.

(c)     For an amount that will reasonably compensate Plaintiff for past, present, and future pain and suffering.

(d)     For an amount that will reasonably compensate Plaintiff for permanent limitation, injuries, and/or disfigurement, limitations and or disabilities of the body and/or mind.

(e)     For pre-judgment interest as provided by statute.

(f)     For costs and fees incurred in the prosecution of the matter.

(g)     For post-judgment interest and costs.

(h)     For such further relief as the Court finds just and equitable under the circumstances

## JURY DEMAND

Trial to a jury of six (6) is demanded on all issues so triable.

Respectfully submitted this 31st day of January, 2022.

WILHITE, ROSE, MCCLURE & SAWAYA, P.C.

*/s/ Robert E. Caldwell, Jr. – Original Signature on File*
Robert E. Caldwell, Jr., Esq., #47385
Attorney for Plaintiff

Plaintiff's Address:
c/o Wilhite, Rose, McClure & Sawaya, P.C.
1600 N. Ogden Street
Denver, CO 80218

7